IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| ELLIS VEASLEY, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| TECHNICAL COLLEGE SYSTEM OF GEORGIA | |
| Defendant. | |

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Ellis Veasley ("Plaintiff"), by and through his undersigned counsel, and files this, his Complaint for Damages against Defendant Technical College System of Georgia ("Defendant") and shows the Court as follows:

**NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant for violations of his rights under Title VII of the Civil Rights Act of 1964 ("Title VII").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII. Plaintiff timely filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Upon Plaintiff's request, the EEOC issued Plaintiff's Notice of Right to sue on June 3, 2025.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

6.

Plaintiff is a black citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

At all times relevant, Defendant has had fifteen or more employees. For each working day in each of twenty or more calendar weeks during 2023 and 2024, Defendant had fifteen or more employees.

9.

Defendant was an employer subject to Title VII at all times relevant to the claims asserted herein.

10.

Defendant may be served with process by delivering a copy of the summons and complaint to one of its Service of Process Designees, Gregory Dozier, Commissioner, at 1800 Century Place, Suite 400, Atlanta Georgia 30345-4304 or

Joshua McKoon, General Counsel, at 1800 Century Place, Suite 400, Atlanta Georgia 30345-4304.

## **FACTS**

11.

Plaintiff was hired by Defendant as a Commercial Driver Technical Instructor in March 2024 at Defendant's Columbus Technical College campus.

12.

Plaintiff had originally applied for the Director position for that program with Defendant.

13.

During his employment, three or four times, Robert Cook, the individual who was hired for the Director role, told Plaintiff he had not been given the role because he was a young black man and Defendant was not going to give a young black man the opportunity to be Director.

14.

On or about November 4, 2024, Cook announced that he would be resigning, and Plaintiff told Cook that he would like to be the next Director of the Program.

15.

On or about November 19 or 20, 2024, Plaintiff overheard Cook asking James Trevette, Administrator and right hand man of Martha Ann Todd, President, if Plaintiff could apply for the Director position.

16.

James responded to Cook by telling Cook that Plaintiff was not the right "color" for the job, which was a reference to Plaintiff's race.

17.

After Trevette left, in reference to his comment, Plaintiff complained to Cook that he was surprised that Trevette and Defendant would deny him a job opportunity based on the color of his skin, and Cook told Plaintiff that it was messed up but that was just how the world was.

18.

The day of graduation, in or about early December 2024, Plaintiff approached Dahmon King, Dean. During the ensuing conversation, Plaintiff complained to King, telling him about the comment that he had overheard Trevette make about the color of his skin in relation to Trevette learning that Plaintiff wanted to apply for the Director position and told King that he wanted to apply for the Director Position. In

response, King laughed and told Plaintiff that Trevette would not say something like that. Plaintiff then again told King that he had heard Trevette make the comment that he was not the right color for the job himself, and King told Plaintiff just to make sure he was doing his job and that there would not be any problems. King did not respond to Plaintiff telling him that he wanted to apply for the Director position.

19.

Prior to Plaintiff overhearing the conversation between Trevette and Cook about Plaintiff's desire to become the next Director, Plaintiff had overheard other conversations where it seemed that because he was black, Trevette told Cook to make sure that Plaintiff did not retain possession of the gas cards they would use because he was concerned that Plaintiff may steal from Defendant.

20.

Plaintiff had reported these comments to Ehouse in or about June or July of 2024 and told her that he believed these comments were being made because he was black. Ehouse told Plaintiff not to look at the situation that way and told him it was a new program and that it was hard to trust people.

21.

From April to September 2024, Plaintiff had also reported racially charged comments that Cook had made to Ehouse as well.

22.

From April to September 2024, Plaintiff reported Cook's racially charged comments to Ehouse at least five times.

23.

Plaintiff also relayed complaints from students that complained about Cook's racially charged comments, and that he was disrespectful and rude to black students. At least five students complained to Plaintiff about these comments and Cook's.

24.

For example, Plaintiff reported comments that Cook made about not knowing why his daughter would date a black man and comments that his family owned a cotton field to black students in front of Plaintiff.

25.

Cook would make these comments three to four times a month.

26.

To Plaintiff's knowledge, nothing was ever done about his reports.

27.

On or about December 19, 2024, approximately a week after the graduation ceremony, Ehouse, Jennifer Thompson, Director of HR, and King terminated Plaintiff.

28.

Plaintiff was told Defendant did not have to give him a reason for his terminated, but he was given a separation notice later that said he was terminated for performance issues.

29.

Although Defendant purports to provide legitimate non-discriminatory reasons for the adverse action, these reasons are pretext.

30.

Plaintiff was treated less favorably in the terms or conditions of his employment than others outside of his protected class, i.e. individuals who did not engage in protected activity under Title VII.

### **COUNT I: Retaliation in Violation of Title VII**

31.

Plaintiff re-alleges paragraphs 11-30 as if set forth fully herein.

32.

Defendant's termination of Plaintiff because of his protected activity constitutes unlawful intentional retaliation in violation of Title VII.

33.

Plaintiff engaged in protected activity under Title VII when he complained about Cook's behavior and comments.

34.

Defendant terminated Plaintiff for those complaints.

35.

As a direct and proximate result of Defendants' violations of Title VII, Plaintiff has suffered damages, including lost wages and emotional distress.

36.

Defendants willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith. Plaintiff is therefore entitled to punitive damages.

37.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)　Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)　Grant Plaintiff damages for lost wages and benefits and prejudgment interest thereon;

(C)　Grant Plaintiff general damages for mental and emotional suffering caused by Defendant's unlawful conduct;

(D)　Grant declaratory judgment declaring that Plaintiffs' rights have been violated;

(E)　Grant Plaintiff reasonable attorneys' fees and expenses of litigation;

(F)　Grant injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(G)　Award Plaintiff such further and additional relief as may be just and appropriate.

This 6th day of June, 2025.

**THE WORKER'S FIRM, LLC**

/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
Patrick Reid
Georgia Bar No. 888769

The Workers' Firm
ATLANTA OFFICE
7000 Central Parkway, Suite 1100, Office 23
Atlanta, GA 30328
Telephone: (404) 382-9660
severin@theworkersfirm.com